UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENNIS STEFICEK,


                                    Plaintiff,

                                                        DECISION AND ORDER

                                                        01-CV-6511L


                    v.

JOANNE B. BARNHART,
Commissioner of Social Security,[1]


                                    Defendant.
_____


## INTRODUCTION


          This is an action brought pursuant to 42 U.S.C. §§ 405(g) to review the final determination

of the Commissioner of the Social Security Administration ("the Commissioner") that Dennis

Steficek ("plaintiff") is not disabled, and, therefore, is not entitled to benefits under the Social

Security Act ("the Act").  Plaintiff applied for disability insurance benefits and Supplemental

Security Income benefits on February 21, 1996, alleging a disability onset date of February 2, 1996.

_____

          [1]Plaintiff's complaint names former Acting Commissioner of Social Security Larry G.
Massanari as the defendant.  Jo Anne B. Barnhart, the current Commissioner, automatically is
substituted as the defendant pursuant to Fed. R. Civ. P. 25(d)(1).

(T. 85).[2]  Plaintiff asserted that he was unable to work due to anxiety, hammer toes, and lower back problems.  (T. 151).

Plaintiff's application was denied initially and on reconsideration.  (T. 92-96, 118-20, 124-28).  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 9, 1997.  (T. 33-84).  Following the hearing, the ALJ found that plaintiff was not disabled because he was able to perform his past relevant work as a radio announcer and security guard.  (T. 19).  The ALJ's decision became the final decision of the Commissioner when, on March 21, 2000, the Appeals Council denied plaintiff's request for review.  (T. 5).

Plaintiff commenced an action in this Court on March 28, 2000 (No. 00-CV-6148), seeking review of the Commissioner's decision.  (T. 417).  By Stipulation and Order dated October 4, 2000, the Court remanded the matter to the Commissioner for further administrative proceedings.  (T. 421-22).  By Order dated February 1, 2001, the Appeals Council remanded the matter to the ALJ for further proceedings, with instructions to, *inter alia*, "[e]valuate and weigh medical source opinion evidence ...," which the Appeals council stated the ALJ had failed to do in his prior decision.  T. 425.

Following remand, a supplemental hearing was held before the same ALJ on May 9, 2001. (T. 362-91).  The ALJ issued a second decision on August 13, 2001, again finding that plaintiff was not disabled because his impairments did not prevent him from performing his past work.  Plaintiff did not file exceptions with the Appeals Council, which did not assume jurisdiction over the matter. The ALJ's decision therefore became the final decision of the Commissioner pursuant to 20 C.F.R. § 404.984(d).  Plaintiff then timely commenced this action to review the Commissioner's decision.

---

[2]"T. __" refers to the page of the administrative transcript filed by the Commissioner.

Both plaintiff and the Commissioner have moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).   For the reasons given below, plaintiff's motion is granted, the Commissioner's motion is denied, and the case is remanded for the immediate calculation of benefits.[3]

## DISCUSSION

### I. Legal Standards and Scope of Review

When reviewing the Commissioner's final decision under 42 U.S.C. 405(g), the court "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (citation omitted).   It does not determine *de novo* whether a claimant is disabled.   *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000) (citation omitted).   Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ, and that decision is subject to judicial review on appeal.   A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if that decision appears to be supported by substantial evidence.   *See Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004)

---

[3]This case is one of several that have come before this Court in which plaintiff's applications were denied by ALJ Franklin T. Russell.   On November 30, 2005, the Commissioner issued a decision ("Agency Decision") finding that a number of claimants had been denied their rights to full and fair hearings based on the manner in which ALJ Russell decided their cases.   The Commissioner also stated that "the agency will agree to voluntary remands of all pending district court cases in which ALJ Russell was the deciding official for a new hearing before a different ALJ."   *See Pronti v. Barnhart*, 441 F.Supp.2d 466, 472 (W.D.N.Y. 2006) (quoting Agency Decision).   It appears, however, that plaintiff in the case at bar is unwilling to consent to such a remand.

(citation omitted); *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).  "Failure to apply the correct legal standards is grounds for reversal." *Pollard*, 377 F.3d at 189 (internal quotation marks and citation omitted).

A court's factual review of the Commissioner's decision is limited to the determination of whether substantial evidence in the record supports the decision.  *See* 42 U.S.C. § 405(g); *see also Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record.  *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted).  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *See* 42 U.S.C. § 405(g); *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has the authority to affirm, reverse, or modify a final decision of the Commissioner with or without remand.  42 U.S.C. § 405(g); *Butts*, 388 F.3d at 385.  Remand is warranted where there are gaps in the record and further development of the evidence is needed, or where the ALJ

- 4 -

has applied an improper legal standard. *See Butts*, 388 F.3d at 385; *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (citation omitted). By contrast, reversal and remand solely for calculation of benefits is appropriate when there is "persuasive proof of disability" and further development of the record would not serve any purpose. *Rosa*, 168 F.3d at 83; *Parker*, 626 F.2d at 235; *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability). However, absent sufficient evidence of disability, delay alone is not a valid basis for remand solely for calculation of benefits. *See Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996) (citation omitted).

## II. Opinions of Plaintiff's Treating Psychiatrist and Psychologist

It has long been recognized that the opinion of a treating medical source is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence. *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003); *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). This rule applies to opinions of treating psychiatrists and treating psychologists. See 20 C.F.R. 404.1527(a)(2) (referring to physicians, psychologists and other treating sources); *Smith v. Apfel*, No. 3:96CV1995, 1998 WL 893220, at *10 (D.Conn. Sept. 28, 1998).

- 5 -

In determining what weight to give a treating source's opinion, the Commissioner must consider:  (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating source's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. §§ 404.1527(d); 416.927(d).

When controlling weight is not given to a treating source's medical opinion, the ALJ must explain his reasons for the weight he does assign to that opinion.  *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000); *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("Failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand") (internal quotations omitted).[4]  Furthermore, in analyzing a treating physician's opinion, "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion," nor can he "set his own expertise against that of a physician who [submitted an opinion to or] testified before him." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (citing *McBrayer v. Sec. of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983)).

In the case at bar, plaintiff's treating psychiatrist, Dr. L. Ioana Chirieac, opined on March 26, 2001, that "[d]ue to chronic anxiety and depression, the patient is unable to pursue substantially gainful employment at this time."  T. 511.  Dr. Chirieac stated that plaintiff was "socially ... impaired," and that "[h]e has difficulties with anxiety and nervousness and it makes him quite inflexible in a work setting."  T. 510.

---

[4]Moreover, more weight generally should be given to the opinions of physicians who examine plaintiff than to the opinions of non-examining State Agency review physicians, who review written medical records, but do not conduct physical examinations themselves. See 20 C.F.R. §§ 404.1527(d)(1); 416.927(d)(1).

Likewise, plaintiff's treating psychologist, Norm Quirion, Ph.D, stated on July 15, 1997, that in his opinion, plaintiff "is not able to establish or maintain gainful employment at this time and for the foreseeable future." T. 288. He stated that plaintiff was "well known to" Dr. Quirion, and that Dr. Quirion's assessment was based on recent psychological testing. *Id.*

In his decision, the ALJ made no mention of Dr. Quirion's opinion. The ALJ mentioned some of Dr. Chirieac's observations and findings, but not his opinion that plaintiff was unable to work. T. 356. By finding that plaintiff was not disabled, however, the ALJ implicitly rejected those opinions.

This was error. Not only did the ALJ fail to explain why he apparently gave little or no weight to the opinions of Drs. Quirion and Chirieac, he also essentially substituted his own judgment for theirs, based on isolated factors in the record supporting his own conclusions. In addition, the ALJ ignored, or wrongly discounted, other evidence that was consistent with the opinions of Drs. Quirion and Chirieac.

For example, the ALJ noted that plaintiff "has never required hospitalization for [his] mental disorders" and "has never required emergency room treatment." T. 357. That in itself is not a valid basis upon which to reject a treating source's opinion that a claimant is disabled, however. *Cf. Zorilla v. Chater*, 915 F.Supp. 662, 669 (S.D.N.Y. 1996) ("The fact that Zorilla denied having received psychotherapy or psychiatric drug treatment is not dispositive of her mental capabilities") (citing *De Leon v. Secretary of Health and Human Servs.*, 734 F.2d 930, 934 (2d Cir. 1984)).

Likewise, the ALJ noted evidence in the record that plaintiff had "taken the same medication at the same dose for many years," had "refused to try another medication," and had "refused therapy at the VA center ... ." T. 357. The ALJ never questioned plaintiff about these matters at the hearing,

however, and he was therefore precluded from drawing an adverse inference based on these factors. *See Berger v. Barnhart*, No. 06-C-0256, 2006 WL 3246260, at *10 (W.D.Wisc. Nov. 7, 2006) ("Before drawing an adverse inference from plaintiff's failure to pursue Dr. Paul's recommendations, the ALJ should have asked plaintiff to explain why he did not pursue the recommended treatment") (citing SSR 96-7p); *Witt v. Barnhart*, 446 F.Supp.2d 886, 901 (N.D.Ill. 2006) ("the ALJ should ask the claimant whether there is a good reason for a failure to procure medical assistance before drawing a negative credibility inference") (citing SSR 96-7p).

As stated, there was also other medical evidence that tended to corroborate the opinions of Drs. Quirion and Chirieac. For instance, Gunars Reimanis, Ph.D., who examined plaintiff at the request of the Commissioner, stated that "[t]here is consistency between [plaintiff's] allegations and the mental status examination," and that plaintiff "shows limitation in his personal and social adjustment." T. 201. Dr. Reimanis's diagnosis was "[a]nxiety disorder not otherwise specified, with panic disorder with agoraphobia and social phobia features," and "[p]ersonality disorder not otherwise specified, with avoidant and obsessive-compulsive personality disorder features." *Id.*

Similarly, Albert K. Chen, M.D., who performed a psychiatric evaluation of plaintiff for the Veterans Administration, diagnosed plaintiff as suffering from "panic disorder without agoraphobia." T. 263. He stated that plaintiff "[l]acks social skill, [and is] not able to control his anxiety and panic attacks. Not able to mingle with crowds. he [sic] tends to withdraw." *Id.* He said that plaintiff "appear[ed] to be very high strung; ... was so tense, he sweats and his both hands [sic] appeared tremulous. ... During interview he has shown floating anxiety, palpitations and hyperventilation as well." *Id.*

Those observations and opinions were also consistent with those of Nelli Mitchell, M.D., who examined plaintiff at his request. She described plaintiff as having a "long history of essentially marginal psychological functioning," and she listed a number of symptoms that he exhibited which "cause clinically significant stress and impairment socially and vocationally and [which] have repeatedly caused decompensation in the work setting causing him to have to withdraw to have an exacerbation of his symptom picture." T. 321. Dr. Mitchell opined that plaintiff "[d]oes not retain the residual functional capacity to perform the full range of sedentary work," T. 327, and that he was totally disabled. T. 330.

The ALJ stated that he "place[d] importance on the information presented" by Dr. Mitchell, but he assigned it less weight than the opinions of other medical sources because "[t]he purpose of the examination was to secure evidence in support of this appeal." T. 358. As stated, however, Dr. Mitchell's conclusions were largely *consistent* with those of a number of other sources, including plaintiff's own treating psychiatrist and psychologist. The ALJ effectively disregarded those opinions for little reason other than that they were inconsistent with *his* own assessment. Again, this was error. *See Richardson v. Barnhart*, 443 F.Supp.2d 411, 421-25 (W.D.N.Y. 2006) (ALJ erred in refusing to give controlling weight to treating physician's opinion where physician provided objective medical evidence to support her assessment, and in providing almost no explanation for denying additional weight to the opinions of claimant's examining physicians).

The ALJ also erred by concluding that plaintiff could perform his past relevant work as a radio announcer and control board operator, without making specific findings as to the physical and mental demands of that work. *See* SSR 82-62; *Matejka v. Barnhart*, 386 F.Supp.2d 198, 204-05 (W.D.N.Y. 2005); *French v. Apfel*, 62 F.Supp.2d 659, 664 (N.D.N.Y. 1999). The ALJ simply stated

that plaintiffs' past work "required no heavy lifting and was performed primarily in the seated position ... ."  T. 359.  He made no findings as to the mental demands of such work, despite his *own* finding (not to mention those of the medical sources referred to above) that plaintiff suffers from anxiety disorder, dysthymia (a form of depression), and a personality disorder.  T. 360.  This was a repeat of one of the errors identified by the Appeals Council in its February 1, 2001, Order remanding to the ALJ for further proceedings.  *See* T. 425 (stating that ALJ had failed to "complete a function-by-function assessment" of plaintiff's mental abilities or to "compare these factors to the demands of [his] past relevant work," and remanding with directions to "[c]ompare the claimant's residual functional capacity to the exertional and non-exertional demands of his past relevant work").

It is clear, then, that there is no substantial evidence to support the ALJ's finding that plaintiff could return to his past relevant work, and it is equally clear that the Commissioner's decision cannot be affirmed.  The only question left is whether the Court should order reversal and remand for the immediate calculation of benefits, or for further administrative proceedings.

I find that the case should be remanded solely for the calculation and payment of benefits. The Commissioner has already had one opportunity to correct the errors that occurred in connection with the first hearing, and has failed to do so; in fact, the ALJ committed the exact same errors the second time around.  Furthermore, the medical evidence, including the opinions of plaintiff's treating psychiatrist and psychologist, which are consistent with the findings of other medical sources, compels the conclusion that plaintiff was in fact disabled as of the alleged onset date.

In my view, therefore, the record needs no further development, and more administrative proceedings, or another hearing, would serve no useful purpose.  *See White ex rel. Johnson v.*

*Barnhart*, 409 F.Supp.2d 205, 209 (W.D.N.Y. 2006) (remanding for calculation of benefits where record was fully developed and compelled conclusion that claimant had marked limitations in attending and completing tasks, further administrative proceedings would serve no useful purpose, and to remand for further proceedings would result in unnecessary delay); *Colegrove v. Commissioner of Social Security*, 399 F.Supp.2d 185, 198 (W.D.N.Y. 2005) (where existing record contains persuasive proof of disability and remand for further evidentiary proceedings would serve no further purpose, remand for calculation of benefits is appropriate); *Soto v. Barnhart*, 242 F.Supp.2d 251, 254 (W.D.N.Y. 2003) (remanding solely for calculation of benefits and not further proceedings where the ALJ's error was in interpreting and weighing treating physician evidence, not in failing to develop a complete record).

## CONCLUSION

Plaintiff's motion for judgment on the pleadings (Dkt.#4) is granted and the Commissioner's motion (Dkt.# 7) is denied.  The final decision of the Commissioner is reversed.  The case is remanded solely for the calculation and payment of disability and Supplemental Security Income benefits.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 28, 2006.

- 11 -